UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEANDRE NORRA,

    Petitioner,

v.

FRED FOULK, Acting Warden,

    Respondent.

Case No. 13-1629 VC (PR)

**ORDER GRANTING MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY**

Deandre Norra, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 24, 2013, the Court issued an order for Respondent Fred Foulk to show cause why the petition should not be granted. On November 5, 2013, Foulk filed a motion to dismiss on the ground that the petition was a successive petition. Norra has filed an opposition, Foulk has filed a reply and Norra has filed an unsolicited sur-reply. For the reasons stated below, the motion to dismiss is granted.

## BACKGROUND

On September 14, 2011, Norra filed a petition for a writ of habeas corpus challenging his conviction and sentence in Alameda County Superior Court No. CH45618. *See Norra v. People of California*, case no. C 11-4322 YGR (PR) ("2011 petition"). On February 28, 2013, the Court entered judgment in favor of the respondent upon granting a motion to dismiss the claims in the petition as procedurally defaulted and denying an amendment to add an untimely additional claim. *See* 2011 petition, doc. nos. 28 and 29. Norra did not appeal the judgment.

On April 10, 2013, Norra filed the instant petition challenging his conviction and sentence in Alameda County Superior Court No. CH45618. Doc. no. 1 at 2.

## DISCUSSION

A district court must dismiss claims presented in a second or successive habeas petition challenging the same conviction and sentence that has been adjudicated on the merits. 28 U.S.C. § 2244(b)(1); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *Babbitt v. Woodford*, 177

1   F.3d 744, 745-46 (9th Cir. 1999).  A claim is adjudicated "on the merits" if the district court either

2   considers and rejects the claims or determines that the underlying claim will not be considered by

3   a federal court.  *McNabb*, 576 F.3d at 1029; *see also Henderson v. Lampert*, 396 F.3d 1049, 1053

4   (9th Cir. 2005) (denial of petition on procedural default grounds constitutes disposition on the

5   merits).  However, a district court may consider claims in a second petition if the claims presented

6   in the previous petition were denied for failure to exhaust.  *Babbitt*, 177 F.3d at 745-46; *McNabb*,

7   576 F.3d at 1030.  A district court must dismiss any new claims raised in a successive petition

8   unless the petitioner received an order from the court of appeals authorizing the district court to

9   consider the petition.  28 U.S.C. § 2244(b)(2), (3).  A petitioner who does not appeal the dismissal

10  of an earlier petition cannot evade the rules governing successive petitions by attacking the

11  validity of the earlier dismissal in the second proceeding.  *Henderson*, 396 F.3d at 1054-55.

12      This petition challenges the same conviction and sentence Norra challenged in his 2011

13  petition, which was decided on the merits.   Because the 2011 petition was denied on the merits

14  and because Norra has not presented an order from the Ninth Circuit Court of Appeals authorizing

15  this Court to consider any new claims presented here, this petition must be dismissed as a

16  successive petition.

17      Norra argues that this petition is not successive because, in his 2011 petition, he moved for

18  a stay and abeyance to exhaust his claims in state court and he did exhaust his claims in state court

19  in a "reasonable time."   Therefore, he argues that this instant petition should be adjudicated on the

20  merits because his claims are timely.  However, as discussed above, the 2011 petition was

21  dismissed on the ground that the claims were procedurally barred and that any amendment would

22  be untimely.  The Court did not address Norra's motion for a stay and abeyance and did not

23  dismiss any claims because they were unexhausted.  Because Norra did not appeal the judgment

24  dismissing the 2011 petition, he may not collaterally attack that judgment in this successive

25  petition.  *Henderson*, 396 F. 3d at 1054-55.  Any argument regarding the motion for a stay and

26  abeyance in the 2011 petition cannot be asserted in this Court; Norra must make any such

27  argument in a motion before the Ninth Circuit Court of Appeals for an order authorizing this Court

28  to consider his petition.  *See* 28 U.S.C. § 2244(b)(3)(A).

**CONCLUSION**

Based on the foregoing, the Court grants Foulk's motion to dismiss. This habeas petition is DISMISSED without prejudice to refiling if Norra obtains the necessary order from the Ninth Circuit. The Clerk shall enter judgment, terminate any pending motions and close the file.

Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

Dated: May 15, 2014

_____
VINCE CHHABRIA
United States District Judge